## IN EQUITY.

## STEPHEN SPENCER, Receiver, vs. FREDERIC OGDEN.

The court granted an order against the defendant, as surviving partner, to deliver the books and accounts of the partnership to the receiver, within a given time, under a penalty, he having sent the books out of the kingdom after the appointment of an administrator on the estate of his deceased partner.

JUDGE ROBERTSON, acting as Chancellor, delivered his decision as follows :

The complainant, who is the receiver appointed by this court, over the estate of the late firm of Porter & Ogden, sets forth in his petition, in substance, that he is unable to ascertain what are the liabilities or assets of the firm, or to adjust and settle the accounts due to and from the said firm, without an inspection of the books; that he has called upon the defendant to deliver to him, as receiver, the books and papers showing the business operations of the late partnership, and has received for answer, that the defendant has sent the books and papers to England, and therefore cannot deliver them to the receiver; that he, the defendant, has taken counsel in England, as to his rights and duties as surviving partner, and that he will not deliver the said books and accounts to the said receiver, if ordered so to do by this court.   The complainant therefore prays the court to grant an order to compel the defendant to deliver said books and papers into the hands of the receiver, within a specified time.

The counsel for the defendant opposes the petition, on the ground that the books, as stated on oath by the defendant, before the court, on a former occasion, are not now within his control, he having sent them to England, previous to the appointment of a receiver.   The learned counsel contends that the court has no authority over any thing situate beyond the limits of its jurisdiction, and therefore cannot compel the defendant to deliver books which are not in his actual possession, nor within the jurisdiction of the court.

In the course of the statement above referred to, made by the defendant on a former occasion, he said he had sent away the books in question, he thought, on the 27th of March last, and kept no copies of them; that he wrote a private letter to Samuel Ogden & Co., of Manchester, at the same time, of which he kept no copy, and that he therein gave instructions that the books should be handed over to an accountant.

By reference to the record, it appears that the hearing of the application for the appointment of an administrator on the estate of Frederic J. Porter, at which hearing the defendant was present, took place on the 21st of March, and the administrator was appointed three days later, so that the books, according to the defendant's own statement, had not at that time left Honolulu.

As to the position, assumed by the counsel for the defence, that the court cannot compel the defendant to deliver the books to the receiver, because they are at present beyond its jurisdiction, we think it altogether untenable.   Courts of Equity operate upon the persons of the parties before them, and by that means affect the property involv-. ed, whether situate within or without their jurisdiction, as, for instance,

in cases where a specific performance is decreed of a contract affecting land, not situated in the country where the suit is brought. Story's Equity Juris., Vol. 2, § 743 and 744. Bouvier's Insurance, Vol. 4, 205.

There are two aspects in which the circumstances, that have led to the filing of this petition, may be viewed. The defendant may have sent the books out of this kingdom, under a misapprehension of his rights and duties as surviving partner, and if such be really the case, he can have no well grounded objection, we think, to rectify his mistake, by having the books returned here as soon as possible. Most gladly would we adopt so favorable a construction of his extraordinary conduct, but the circumstances of the case, upon an attentive review, bear a much more grave appearance, particularly the defendant's recent defiance of the authority of the court, by refusing to obey the order to join in the usual assignment to the receiver. If the defendant deliberately placed the books beyond the jurisdiction of the court, with the intent to defeat its action, after it had appointed an administrator on the estate of his deceased partner, and for the purpose of preventing a settlement of the partnership affairs, where, alone, administration could be had upon such estate, then has his conduct been reprehensible in the highest degree, and the court cannot, and will not, suffer him to take advantage of his own wrongful act, and plead that he is unable now to deliver the books to the receiver, because he has chosen, thus, to put them out of his actual possession for the time being.

There is nothing in the statement made by the defendant, touching his disposition of the books, going to show that he cannot, if sufficient time is allowed him, procure and deliver them to the receiver. He did not, by placing them in the custody of certain parties in England, divest himself of his right to control the books at his pleasure, and to say that, because they are not at present in his actual possession he cannot control them, is unreasonable. The possession of the bailee in England, having the mere custody of the books in question, is the possession of the defendant himself, and it cannot be denied that they are within his procurement. Story on Bailments, chap. 2; Bouvier's Ins., vol. 4, p. 2.

Should the court refuse its aid and assistance to the receiver, appointed to act in this matter for the benefit of all concerned, it would at once proclaim its utter want of power, either to enforce equity or to prevent wrong.

The motion is granted.

Mr. Bates for complainant.

Mr. Blair for defendant.